UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN D. COBRAY,

         Plaintiff,

   v.

WASHINGTON STATE,

         Defendant.

CASE NO. C18-1416 MJP-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, Justin D. Cobray, who is detained at the King County Jail (Kent-RJC), filed a *pro se* § 1983 civil rights complaint against Washington State. Dkt. 6. Plaintiff alleges his arrest and criminal charges violate his constitutional rights, and asks the Court to dismiss the criminal charges and award him other damages. *Id*. The Court recommends dismissing the complaint without prejudice based upon the *Younger* abstention doctrine.

**DISCUSSION**

The complaint alleges on May 5, 2018, the "victim" called 911, and plaintiff was arrested for violating a temporary protection order. Plaintiff contends he should not have been arrested because the protection order was not "officially in place" until May 7, 2018. According to King County Jail records, plaintiff is currently detained for Violation of Protection Order, case number

418020024, and Burglary, case number 18-1-03288-8. *See* https://ingress.kingcounty.gov/Public/JILS/default.aspx (last accessed October 2, 2018). The complaint also avers that plaintiff has "reached out to both my public attorney and her supervisor to address the facts on the invalid temp order both still hasn't presented my request to court." Dkt. 6 at 3.

Plaintiff may not challenge the propriety of an ongoing state criminal proceeding in a 42 U.S.C. § 1983 lawsuit. A federal court will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45-46(1971). The *Younger* abstention doctrine requires a district court to dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All the *Younger* criteria are satisfied here. Plaintiff's state court proceedings are ongoing, involve a criminal prosecution that implicates important state interests, there is nothing indicating plaintiff cannot raise in his pending state criminal case the same claims he raises here, and there is no danger of great and immediate irreparable harm. Accordingly this action would unduly interfere with ongoing state criminal proceedings in a way that *Younger* disapproves.

The Court accordingly recommends dismissing this matter without prejudice because it is subject to the *Younger* abstention doctrine. Plaintiff should not be given leave to amend his complaint because "it is absolutely clear that no amendment can cure the defect." *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 17, 2018.** The Clerk should note the matter for **October 19, 2018**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 3rd day of October, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge